1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for defendants
   American Express and
7  Nationwide Credit, Inc.

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  NELLIE PETALVER,              )  CASE NO.: C 08-02718 WHA
13                                )
                                  )
14         Plaintiff,              )  **ANSWER OF AMERICAN
                                  )  EXPRESS AND NATIONWIDE
15                                )  CREDIT, INC. TO COMPLAINT**
           vs.                     )
16                                )
                                  )
17  AMERICAN EXPRESS, a            )
    corporation; NATIONWIDE        )
18  CREDIT, INC.; DOES 1           )
    THROUGH 10,                    )
19                                )
           Defendants.             )
20  _____   )

21

22

23

24

25

26

27

28

PETALVER V. AMERICAN EXPRESS ET AL. (CASE NO. C 08-02718 WHA)
ANSWER TO COMPLAINT

1  Defendants AMERICAN EXPRESS ("Amex") and NATIONWIDE CREDIT, INC. ("NCI") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff NELLIE PETALVER ("Plaintiff"):

2.  1.  In answering Paragraph 1 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a resident of San Francisco County. Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq.* Except as herein as admitted, the remaining allegations of Paragraph 1 are denied.

2.  In answering Paragraph 2 of the Complaint, Defendants admit that Amex and NCI have, at times, acted as a "debt collector" as defined by the Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.  In answering Paragraph 3 of the Complaint, Defendants admit that NCI has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.  In answering Paragraph 4 of the Complaint, Defendants aver that the contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq.* are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.  In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff purports to seek "statutory damages, attorney's fees and costs" in this action. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.  Admitted.

1  7.   In answering Paragraph 7 of the Complaint, Defendants admit that Plaintiff alleges that venue in proper in this district. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.   In answering Paragraph 8 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a woman who resides in San Francisco, California. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff is "single" and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.   In answering Paragraph 9 of the Complaint, Defendants admit that Amex has a principal office at 777 American Expressway, Fort Lauderdale, Florida 33337. Defendants admit that Amex has, at times, acted as a "debt collector" as defined by the Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.  In answering Paragraph 10 of the Complaint, Defendants admit that NCI has its principal office at 2015 Vaughn Road, Kennesaw, Georgia 30144. Defendants admit that NCI has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2. Except as herein admitted, the remaining allegations of Paragraph 10 are denied,

11.  Defendants aver that no response to Paragraph 11 is required of them.

12.  Denied.

13.  Defendants aver that no response to Paragraph 13 is required of them.

14.  Admitted.

15.  Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 15 of the Complaint and on that basis, deny them.

16.  Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 16 of the Complaint and on that basis, deny them.

1      17.    Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 17 of the Complaint and on that basis, deny them.

    18.    Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 18 of the Complaint and on that basis, deny them.

    19.    Defendants presently lack sufficient knowledge to form a belief as to the allegations of Paragraph 19 of the Complaint and on that basis, deny them.

    20.    In answering Paragraph 20 of the Complaint, Defendants admit that Amex engaged NCI to collect Plaintiff's financial obligation at issue and that Amex provided NCI information about Plaintiff's financial obligation in connection with that engagement. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

    21.    In answering Paragraph 21 of the Complaint, Defendants admit that NCI sent letters dated February 1, 2008 and February 21, 2008 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

    22.    Defendants note that there is no paragraph numbered "22" in the Complaint.

    23.    In answering Paragraph 23 of the Complaint, Defendants aver that the contents of the Rosenthal Act, Cal. Civ. Code § 1788.14(c) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

    24.    In answering Paragraph 24 of the Complaint, Defendants aver that the contents of the FDCPA, 15 U.S.C. § 1692(a)(2) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

    25.    Defendants incorporate by reference paragraphs 1-24 above, as if fully stated herein.

    26.    Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of

1   all Defendants and/or any responsible parties, named or unnamed, should be
2   apportioned according to their relative degrees of fault, and the liability of these
3   Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Not a Debt Collector)**

Defendant American Express is not a debt collector under federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and Rosenthal Act must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: June 4, 2008                SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
                                   JEFFREY A. TOPOR


                                   By:   s/Jeffrey A. Topor
                                         Jeffrey A. Topor
                                         Attorneys for defendants
                                         American Express and
                                         Nationwide Credit, Inc.